UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FREDERICK GUNTHER
and NEW YORK ELECTRICAL
INSPECTION AGENCY,

                Plaintiffs,

v.                                  **DECISION AND ORDER**

TOWN OF OGDEN, GAY LENHARD,       6:19-CV-06199-MAT
THOMAS COLE, MALCOLM PERRY,
THOMAS USCHOLD, DAVID FEENEY,
and PATRICK SMITH,

                Defendants.
_____

**INTRODUCTION**

Plaintiffs Frederick Gunther and New York Electrical Inspection Agency (hereinafter, "Plaintiffs") bring this action against defendants Town of Ogden, Gay Lenhard, Thomas Cole, Malcolm Perry, Thomas Uschold, David Feeney, and Patrick Smith (collectively, the "Defendants"), alleging violations of the Copyright Act, 17 U.S.C. § 101, *et seq*. Docket No. 1.

Presently before the Court is Defendants' motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docket No. 8. For the reasons set forth below, Defendants' motion is denied.

**BACKGROUND**

Unless otherwise noted, the following facts are taken from Plaintiffs' complaint (Docket No. 1). Mr. Gunther is the President and Chief Electrical Inspector of New York Electrical Inspection

Agency ("NYEIA"). Docket No. 1 at ¶ 1. Plaintiffs perform residential and commercial electrical inspections, with their principal place of business in Rochester, New York. *Id*. at ¶ 2. Mr. Gunther is a licensed New York State home inspector and certified New York State home inspector trainer, as well as a New York State certified Code Enforcement Officer and certified Electrical Inspector from the International Association of Electrical Inspectors. *Id*. at ¶¶ 9, 10. NYEIA is approved to conduct residential and commercial electrical inspections in New York State. *Id*. at ¶ 11.

Over the past eight years, NYEIA has applied for authorization to conduct residential electrical inspections in the Town of Ogden, New York. *Id*. at ¶ 12. Each application was denied via letter by defendant Smith, the Town of Ogden Building Inspector/Code Enforcement Officer. *Id*. at ¶ 13. Defendant Smith's denial of NYEIA's application was approved by resolution of the Town Board and its members, which includes defendants Cole, Perry, Uschold, and Feeney. *Id*. at ¶¶ 5-8, 14. The most recent denial letter is dated January 8, 2019. *Id*. at ¶ 14. As a result of these repeated denials, Plaintiffs filed an Article 78 proceeding in Monroe County Supreme Court, on the ground that the denials were "without sound basis in reason, arbitrary and capricious and an abuse of discretion." *Id*. at ¶ 16.

In connection with their operations, Plaintiffs utilized the 2014 National Electrical Code ("NEC"). *Id*. at ¶ 17. In an effort to simplify the guidelines contained in the NEC, Plaintiffs created "*Helpful Electrical Requirements Sheets*" (hereinafter, the "summary sheets"), which are summaries of NEC electrical wiring requirements for storable swimming pools, as well as for hot tubs and spas. *Id*. at ¶ 18. Plaintiffs' summary sheets "were drafted in plain language for ease of understanding based on Gunther's own personal knowledge and 20-plus years in the electrical industry." *Id*. at ¶ 20. Plaintiffs hold a valid copyright in the summary sheets, which was registered with the United States Copyright Office on November 7, 2016, Registration Number TXu 2-032-173. *Id*. at ¶ 21. Copies of the relevant NEC Guidelines, Plaintiffs' summary sheets, and the Certificate of Registration of the United States Copyright Office are attached to the complaint. *Id*. at ¶¶ 18, 19, 21.

Defendant Town of Ogden, through its Supervisor defendant Lenhard, defendant Smith, and the Town Board, presents on its website this same information "in substantially the same manner as Plaintiffs' Sheets." *Id*. at ¶ 22. Copies of the "Town of Ogden Electrical Requirements for Storable Swimming Pools," and "Town of Ogden Electrical Requirements for Hot Tubs & Spas," are also attached to the complaint. *Id*.

On September 22, 2017, Mr. Gunther notified Defendants, via letter, that the Town of Ogden was improperly publishing

Plaintiffs' summary sheets on its website, in violation of Plaintiffs' copyright. *Id*. at ¶ 23. In response, the Town of Ogden removed Plaintiffs' name and address from the bottom of the summary sheets, but continued to publish the summary sheets on its website. *Id*. at ¶ 24. On October 13, 2017, Plaintiffs again, through counsel, notified defendant Lenhard that the Town of Ogden was improperly utilizing Plaintiffs' summary sheets without their permission, and demanded their removal from the Town's website. *Id*. at ¶ 25. Defendant Town of Ogden, through counsel, responded on October 17, 2017, stating that the summary sheets had initially been removed, but that the Town webmaster had inadvertently reinstalled them. *Id*. at ¶ 26. Counsel also stated that the Town of Ogden would remove the summary sheets from its website, and would not use the summary sheets in the future. *Id*. Copies of the above-mentioned correspondence are attached to the complaint. *See* Docket Nos. 1-6, 1-7, and 1-8. However, the Town of Ogden did not remove the summary sheets from its website. Docket No. 1 at ¶ 27.

On January 31, 2019, Plaintiffs again, through counsel, notified the Town of Ogden that it was improperly utilizing Plaintiffs' summary sheets without their permission, demanded removal of the sheets from its website, and demanded that the Town of Ogden pay damages for its willful copyright infringement. *Id*. at ¶ 28. The Town of Ogden responded through its attorney on February 4, 2019, noting that the information on its website was

taken directly from the 2014 NEC. *Id*. at ¶ 29. Enclosed with the Town's response were documents counsel thought contained the relevant provisions of the 2014 NEC; however, "the documents provided which were the same as those that appeared on Defendant Town's website were, in fact, Plaintiffs' copyrighted Sheets, with references and contact information of the Plaintiffs removed." *Id*. at ¶ 30. Copies of the above-mentioned correspondence are attached to the complaint. *See* Docket Nos. 1-9 and 1-10.

Plaintiffs further allege that "the materials published on Defendant's websites are verbatim to Plaintiffs' Sheets, minus the diagrams and reference to Plaintiff, and are Plaintiffs' copyrighted summaries of the 2014 NEC," and "[t]o date, Plaintiffs' Sheets are still published on Defendant Town of Ogden's website." Docket No. 1 at ¶¶ 31, 32.

## **PROCEDURAL HISTORY**

Plaintiffs Frederick Gunther and New York Electrical Inspection Agency filed their complaint on March 18, 2019, alleging violations of the Copyright Act, 17 U.S.C. § 101, *et seq*. against defendants Town of Ogden, Gay Lenhard, Thomas Cole, Malcolm Perry, Thomas Uschold, David Feeney, and Patrick Smith. Docket No. 1. On June 5, 2019, Defendants filed a motion to dismiss the complaint. Docket No. 8. Plaintiffs filed their response on July 9, 2019. Docket Nos. 12, 13.

**DISCUSSION**

**I. Standard**

To withstand a Rule 12(b)(6) motion to dismiss, the complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotation marks omitted). Determining whether a complaint meets the plausibility standard is "context-specific" and requires that the court "draw on its judicial experience and common sense." *Id.* at 679.

**II. Plaintiffs' Have Stated a Claim for Copyright Infringement**.

"A properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant

infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994); *MacDonald v. K-2 Industries, Inc.*, 108 F. Supp. 3d 135, 139 (W.D.N.Y. 2015) (same); *see also Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 142 (W.D.N.Y. 2014) ("A plaintiff must allege the following elements in order to state a valid claim for copyright infringement: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'") (quoting *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991)). "There is no heightened pleading requirement applied to copyright infringement claims . . . a claim of copyright infringement need only meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." *Levine v. Landy*, 860 F. Supp. 2d 184, 191 (N.D.N.Y. 2012) (internal citation omitted); *see also McDonald*, 108 F. Supp. 3d at 139 ("In short, a copyright plaintiff need not plead detailed evidence, but she must allege facts — not just legal conclusions — demonstrating the existence of a facially plausible claim, *i.e.*, that she owns one or more valid copyrights that have been infringed by defendants).

Plaintiffs have adequately plead a copyright infringement claim. The complaint contains allegations identifying the specific original works, *i.e.*, the summary sheets (*see* Docket No. 1 at ¶¶ 18-20); Plaintiffs' ownership of copyrights in the summary sheets (*id*. at ¶ 21); that the copyrights are registered (*id*.); and

how and when Defendants' allegedly infringed the copyright (*id*. at ¶¶ 22-32). The summary sheets, Certificate of Registration, and Defendants' alleged infringing works are attached to the complaint. *See* Docket Nos. 1-2, 1-4, 1-5.

Defendants argue that "Plaintiffs' allegations of an essential element of copyright infringement - that the entries found on the Town of Ogden's website were substantially similar to the protectable elements of Plaintiffs' 'Sheets' - is simply not supported." Docket No. 8-1 at 9. Specifically, Defendants contend that Plaintiffs' summary sheets contain schematics and diagrams, while the documents on the Town of Ogden website do not contain this information. *Id*. at 10. Defendants also state that the summary sheets and the Town documents are in a different typeface and list the Town's contact information. *Id*. However, Defendants' argument ignores the allegation that the text contained in the summary sheets and the text contained in the alleged infringing works is identical.

"Substantial similarity does not require literally identical copying of every detail." *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992). Rather, "[s]uch similarity is determined by the ordinary observer test: the inquiry is 'whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.' Or, stated another way, whether 'the ordinary observer, unless he set out to detect the

disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same.'" *Id.* at 307-08 (quoting *Ideal Toy Corp. v. Fab-Lu Ltd.*, 360 F.2d 1021, 1022 (2d Cir. 1966) and *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960)).

However, where certain aspects of a copyrighted work are taken directly from the public domain, the court applies the "more discerning observer test." This test "requires 'substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed work.' That is, 'where the allegedly infringed work contains both protectible and unprotectible elements, the test must be more discerning, excluding the unprotectible elements from consideration.'" *Logical Operations Inc. v. 30 Bird Media, LLC*, 354 F. Supp. 3d 286, 294 (W.D.N.Y. 2018) (quoting *Belair v. MGA Entertainment, Inc.*, 503 F. App'x 65, 66 (2d Cir. 2012) and *Lynx Ventures, LLC v. Miller*, 45 F. App'x 68, 69 (2d Cir. 2002)). "However, this 'more discerning' ordinary observer test must be applied in conjunction with the 'total concept and feel' test, so as not to deny protection to works that have combined unoriginal elements in a unique and copyrightable fashion[.]" *Shine v. Childs*, 382 F. Supp. 2d 602, 615 (S.D.N.Y. 2005); *see also Logical Operations Inc.*, 354 F. Supp. 3d at 295 ("Any analysis of substantial similarity must therefore account for the fact that copyright infringement may result not only through literal copying of a portion of [a work], but also by parroting properties that are apparent only when numerous aesthetic

-9-

decisions embodied in the plaintiff's work of art — the excerpting, modifying, and arranging of public domain compositions, if any, together with the development and representation of wholly new motifs and the use of texture and color, etc. — are considered in relation to one another.") (internal quotations and citation omitted) (alteration in original). "[W]ith all of the above concepts in mind, the court's substantial similarity analysis ultimately should be guided by 'common sense.'" *Shine*, 382 F. Supp. 2d at 615 (quoting *Boisson v. Banian, Ltd.*, 273 F.3d 262, 273 (2d Cir. 2001)).

As noted above, both the summary sheets and the alleged infringing works are attached to Plaintiffs' complaint. *See* Docket No. 1-2 at 5-6; Docket No. 1-5 at 2-3. Plaintiffs' summary sheets are entitled "Storable Swimming Pools, Electrical Wiring Requirements," and "Hot Tubs & Spas - Electrical Wiring Requirements." Docket No. 1-2 at 5-6. Defendants' works are entitled "Town of Ogden, Electrical Requirements for Storable Swimming Pools," and "Town of Ogden, Electrical Requirements for Hot Tubs & Spas." Docket No. 1-5 at 2-3.

For the works addressing the electrical requirements for storable swimming pools, the substantive text of each work, *i.e.*, the "definition" of a storable pool, as well as the information contained in items one through four of each document, are mostly identical. *Compare* Docket No. 1-2 at 5 *with* Docket No. 1-5 at 2. In other words, as Plaintiffs allege in their complaint, it appears that Defendants simply copied the text from Plaintiffs' summary

sheet, made some adjustments to the font, and placed it into their own document. The layout of the documents into subparts "1" through "4" is also the same. The Court notes that information contained in the header and footer of each document, *i.e.*, the wording of the titles and contact information, is different. Defendants' work also contains instructions for submitting an application for a storable pool, while Plaintiffs' summary sheet contains a diagram.

For the works addressing the electrical requirements for hot tubs and spas, the substantive text of each work, *i.e.*, the information contained in items one through four of each document, is mostly identical. *Compare* Docket No. 1-2 at 6 *with* Docket No. 1-5 at 3. Again, as Plaintiffs allege in their complaint, it appears that Defendants simply copied the text from Plaintiffs' summary sheet, made some adjustments to the font, and placed it into their own document. The layout of the documents into subparts "1"through "4" is also the same. The Court notes that information contained in the header and footer of each document, *i.e.*, the wording of the titles and the contact information, is different. Defendants' work also does not define the term "spa or hot tub," as Plaintiffs' summary sheet does, and it also contains instructions for submitting an application for a hot tub or spa. Plaintiffs' summary sheet also contains a diagram.

Defendants appear to rely on the differences between the summary sheets and their own documents as defeating any claim of substantial similarity. However, "no plagiarist can excuse the

wrong by showing how much of his work he did not pirate." *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936). "Thus, where substantial similarity is found, small changes here and there made by the copier are unavailing. 'It is only where the points of dissimilarity exceed those that are similar and those similar are — when compared to the original work — of small import quantitatively or qualitatively that a finding of no infringement is appropriate.'" *LEGO A/S v. Best-Lock Construction Toys, Inc.*, No. 3:11-cv-01586(CSH), 2019 WL 3387330, at *22 (D. Conn. July 25, 2019) (quoting *Rodgers v. Koons*, 960 F.2d at 308). Plaintiffs allege that they created the summary sheets based on information contained in the NEC guidelines, as well as their personal knowledge and experience. Docket No. 1 at ¶¶ 17-20. Although Defendants did not copy every aspect of Plaintiffs' summary sheets, Plaintiffs allege that Defendants did copy the portion of the sheets meant to simplify the electrical wiring requirements for storable swimming pools, hot tubs, and spas. *See id*. at ¶¶ 18, 20, 22, 24, 31.

Based on the materials submitted by the parties, the Court will not decide, at this stage of the litigation, whether Plaintiffs' have established copyright infringement. *See Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) ("because the question of substantial similarity typically presents an extremely close question of fact . . . questions of non-infringement have traditionally been reserved for the trier of fact.") (citation omitted); *see also Hoehling v.*

*Universal City Studios, Inc.*, 618 F.2d 972, 977 (2d Cir. 1980) ("summary judgment has traditionally been frowned upon in copyright litigation."). However, Plaintiffs have adequately alleged substantial similarity. Plaintiffs allege that "[d]espite the fact that there are countless ways to organize and express information contained in the 2014 NEC, Defendant, Town of Ogden, through its Supervisor, Town Board and Building Inspector/Code Enforcement Officer, presents the information on Defendant Town's website in substantially the same manner as Plaintiffs' Sheets," and that the "Town of Ogden . . . only . . . remove[d] Plaintiffs' name and address from the bottom of the Sheets and continued to publish Plaintiffs' copyrighted Sheets on its website." Docket No. 1 at ¶¶ 22, 24. Plaintiffs further allege that "[u]pon review, the materials published on Defendant's websites are verbatim to Plaintiffs' Sheets, minus the diagrams and reference to Plaintiff, and are Plaintiffs' copyrighted summaries of the 2014 NEC." *Id*. at ¶ 31. Taking the allegations in the complaint as true, as the Court is required to do on a motion to dismiss, Plaintiffs have adequately alleged substantial similarity between the summary sheets and the materials posted on Defendants' website. Accordingly, Defendants' motion to dismiss on this ground is denied.

Defendants further contend that Plaintiffs' summary sheets were "culled, *entirely*, from the 2014 NEC," and that "there is nothing 'protectable' in Plaintiffs' actions of gathering information from the NEC, creating a document with such information

-13-

and placing its name on the top." *Id*. at 10. Contrary to Defendants' contention, Plaintiffs' complaint contains allegations indicating that the summary sheets were not "culled entirely" from the NEC. Specifically, the complaint alleges that the summary sheets "were drafted in plain language for ease of understanding based on Gunther's own personal knowledge and 20-plus years in the electrical industry." Docket No. 1 at ¶ 20.[1] Plaintiffs also allege that they hold a valid registered copyright in the summary sheets, and a copy of the Certificate of Registration issued by the United States Copyright Office for Plaintiff's "Helpful Electrical Requirement Sheets" is attached to the complaint. *See* Docket No. 1 at ¶ 21, Docket No. 1-4. These two allegations speak to the alleged original, protectable nature of Plaintiffs' summary sheets. Indeed, Defendants' argument ignores that a certificate of copyright registration "raises a rebuttable presumption that the work in question is copyrightable, as well as original." *Van Cleef & Arpels Logistics, S.A. v. Jewelry*, 547 F. Supp. 2d 356, 362 (S.D.N.Y. 2008); *see also Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 367 F. Supp. 2d 514, 520 (S.D.N.Y. 2005) ("Registration creates a presumption not only that a copyright is valid, but also that the work is original.").

---

[1] Attached to Plaintiffs' response papers is an Affirmation by Mr. Gunther, which also contains information relevant to the original nature of the summary sheets. *See* Docket No. 12 at ¶¶ 15, 16 (Gunther "carefully prepared the Sheets in plain language for ease of understanding so that they could be effectively utilized by readers, laypeople and professionals alike," and "[t]he Sheets consist of [Gunther's] independent collection and interpretation of the relevant NEC provisions, [his] independent selection and inclusion of what [he] believed was pertinent information from the NEC provisions, and [his] independent assembling, arrangement and presentation of the information.").

Defendants' own belief that "[c]learly, Plaintiffs cannot claim copyright protection for the information, requirements, standards, and recommendations contained in the NEC" (*see* Docket No. 8-1 at 10), is not sufficient to rebut this presumption of validity. Plaintiffs do not claim copyright protection in the information contained in the NEC; rather, they claim protection in the summary sheets, which is a compilation of information from the NEC, as well as Plaintiffs' own knowledge and experience. Taking the allegations contained in the complaint as true, as the Court is required to do on a motion to dismiss, Plaintiffs have adequately alleged that their summary sheets are protectable under the Copyright Act.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim (Docket No. 8) is denied. Defendants are directed to file an answer to the complaint within twenty days of the date of this Decision and Order.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated: November 19, 2019
Rochester, New York

-15-